WHEN this cause was formerly under , advisement, the court entertained the impression that Bar- *74 sett had obtained from Smith the title to the way, which Morrison, in his contract with Barnett, covenanted to secure to Barnett, and under that impression, so much of the opinion delivered by this court as relates to the claim asserted by Barnett for the right of.way, was formed. But upon further examination of the record, we perceive, that the impression then entertained, was incorrect, and instead of Barnett’s having obtained a title for the right of way, the title to the land over which the way was to pass, is in Smith; and although Smith has verbally agreed to let Barnett have the right of way, he protests in his answer against the propriety of the court’s compelling him to do so.
A person Who purchases a tract of land with notice that his vender had entered into a covenant to another to Jet him have a road through it, will be deer: ed ’ in e quity to permit such road, and is hound by ouch contract of his vender to the same ®x'c.nt that the vender was bound.
Smith being, therefore, vested with the title to the land, it is evident, upon the principles recognized in the former opinion of this court, that Barnett ought to have a decree compelling Smith to convey a right of way according to the stipulations contained in the covenant of Morrison For the fact of Smith’s having obtained a title for the land over which the way was to pass from Morrison, with full knowledge of Morrison’s covenant to Barnett, is not only proven by unquestionable evidence, but he appears to have obtained the title with an express understanding that he would comply with Morrison’s covenant to Barnett for a way, and there can be no question of the propriety of a court of equity decreeing the specific execution of Morrison’s covenant for the l ight of way. It would he no extraordinary exercise of power for a court, of equity to enforce the specific performance of a contract made exclusively for a right of way, and in this case, as the covenant of Morrison for a way forms but part of a contract made by him with Barnett for the sale of land, there is a peculiar propriety in compelling Smith, the vendee of Morrison, to perform the covenant of Morrison for a way.
So much of the opinion formerly delivered, therefore, as directs compensation to be made Barnett for the right of way, and as directs the injunction to be dissolved, with, damages, must be set aside ; arid on the cause going back to the court below, that court must cause, to be laid down by actual survey through the land conveyed by Morrison to Smith, a good way, sufficiently wide for carriages to pass, commencing at *75 the point designated in Morrison’s covenant to Bar. nett, and in a manner which may he least prejudicial to Smith, having at the same time due regard to the import of the covenant; and when so laid down, that court must compel Smith, by a proper deed, to convey to Barnett the right of way thereto, and the injunction must he entirely dissolved, without damages.